UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Student A, by and through JASON THATCHER
and ANITA RENTERIA-THATCHER,
as parents and natural guardians,

        Plaintiff,           CASE NO.:

-vs-

SCHOOL BOARD OF OSCEOLA
COUNTY, FLORIDA

        Defendants.
_____/

## COMPLAINT

PLAINTIFF, Student A, a minor female, by and through JASON THATCHER AND ANITA RENTERIA-THATCHER, as parents and natural guardians, hereby brings this civil action for damages against DEFENDANT, SCHOOL BOARD OF OSCEOLA COUNTY, FLORIDA ("School Board") and states the following:

### INTRODUCTION

1. This is a civil action for damages arising from negligence pertaining to a male classmate of Student A groping her at Hickory Tree Elementary School, a public school in Osceola County, Florida, on or about October 24, 2024.

2. During the 2024 – 2025 school year, Student A was five (5) years old and in kindergarten. Prior to this incident, she was a happy, thriving child.

1

3. On October 24, 2024, Student A's life changed.

4. Student A was physically and sexually assaulted and battered by a male student, B.C.

5. The School Board was aware that B.C. had physically and sexually assaulted and battered another female classmate the month prior on or about September 17, 2024.

6. Despite knowledge of B.C.'s prior assaults against a classmate, the School Board failed to take adequate measures to protect students, like Student A, from future attacks by B.C., and failed to provide adequate teacher supervision.

7. The School Board assigned a temporary teacher to Student A's and B.C.'s classroom, despite knowledge of B.C.'s prior attacks against a classmate.

8. Upon information and belief, after the September 17, 2024 attack, the School Board offered supporting measures to the victim, including agreeing to move B.C. to a different classroom, into Student A's classroom.

9. After the attack by B.C. on Student A, on October 24, 2024, the School Board failed to provide any supporting measures to Student A.

10. Jason Thatcher and Anita Renteria-Thatcher requested alternative options to continue Student A's education in a safe environment by separating Student A and B.C. at school, such as a class schedule modification.

11. The School Board refused to move B.C. away from Student A, into a different classroom, and informed Jason Thatcher and Anita Renteria-Thatcher that if they wanted to keep Student A and B.C. apart, they would have to file paperwork themselves to request that Student A be reassigned to a different school.

12. Jason Thatcher and Anita Renteria-Thatcher also requested that Student A be provided with counseling, but the School Board failed to provide counseling until Jason Thatcher and Anita Renteria-Thatcher contacted a school board member to complain.

13. Counseling services were finally offered to Student A approximately a week and a half after the attack on October 24, 2024.

14. The School Board failed to conduct a Title IX investigation as required by Title IX of the Education Amendments of 1972.

15. B.C. admitted to law enforcement that he put his hand under Student A's dress and touched her buttocks on two (2) separate occasions.

16. The School Board policies state that The School Board desires to maintain an academic and work environment in which all employees, volunteers, and students are treated with respect and dignity. A vital element of this atmosphere is the School Board's commitment to equal opportunities and the prohibition of discriminatory practices. The School Board's prohibition against discriminatory practices includes prohibitions against sexual harassment, or any other form of harassment based upon

a person's membership in a protected class and specifically prohibited by applicable state or federal law. The School Board forbids sexual harassment, or any other form of illegal harassment, of any employee, student, volunteer, or visitor. The School Board will not tolerate sexual harassment, or any other form of illegal harassment by any of its employees, students, volunteers or agents. [1]

17. This action is brought against Defendant, THE SCHOOL BOARD OF OSCEOLA COUNTY, for negligence pertaining to an incident that occurred against the Plaintiff on or about October 24, 2024, at Hickory Tree Elementary School.

18. As a direct result of the school board and its staff's negligence, Student A has suffered severe mental distress, physical harm, and trauma as well as future pain and suffering.

19. The School Board violated Title IX when it was deliberately indifferent in its response to this incident, and it was negligent when it breached its duty of care to Student A.

---

[1] *Title IX Policy*, Policy 3057 – Osceola County School Board, Adopted December 9, 2019 available at:
https://meeting.sparqdata.com/Public/Book/138?docTypeId=318&file=a70668a5-2b0d-4bbd-950d-14ebae194f3d

## PARTIES

### A. Plaintiff

20. Student A is a resident of Florida and is not *sui juris* by virtue of her minority. At all relevant times, Student A was five (5) years old and a kindergartener at Hickory Tree Elementary School in Osceola County, Florida.

21. This action is brought anonymously to protect the identity of Student A as this matter concerns the sexual and physical assault of a minor.

22. Student A's right to privacy and personal security outweigh the public interest in knowing her identification.

23. It is in the public's interest to give anonymity to child victims so that other victims will feel the ability to come forward and not be fearful that their identity will be publicized.

24. Student A's minority and legitimate concerns for privacy outweigh any prejudice to Defendants or the public by allowing Plaintiff to proceed anonymously.

### B. Defendants

25. Defendant, the School Board of Osceola County, Florida ("School Board"), is a political subdivision or agency in Osceola County, Florida. The School Board operates and maintains Hickory Tree Elementary School in Osceola County, Florida. Student A was a student at Hickory Tree Elementary School at all relevant times.

## JURISDICTION AND VENUE

26. The court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1681(a).

27. The court has venue of this action under 28 U.S.C § 1391 as the Defendant is located in this District and a substantial part of the events giving rise to the claim occurred in this District.

28. The court also has supplemental jurisdiction pursuant to 28 U.S.C § 1367 because all the other claims are related to the claims with original jurisdiction and form part of the same case or controversy.

29. All conditions precedent to bringing the state law claims in this lawsuit have been satisfied and/or waived. On or about February 7, 2025, Plaintiff served a letter pursuant to § 768.28, Florida Statutes, to School Board of Osceola County, formally advising the School Board as to Plaintiff's negligence claim arising from the assault described in the lawsuit. The statutory waiting period for Plaintiff to assert a negligence claim against the School Board of Osceola County has since expired.

## FACTUAL ALLEGATIONS

30. At all relevant times to this lawsuit, Student A was attending kindergarten at Hickory Tree Elementary School.

31. School Board received federal funding from the United States Government.

32. Prior to October 24, 2024, the School Board was on notice that the male student who sexually assaulted Student A had committed similar assaults the previous month against another female classmate.

33. Student A had a right to be free from injury while at school.

34. Student A had a right to bodily integrity while at school.

35. Student A had a right to not be subjected to physical or sexual harassment or abuse while at school.

36. School Board owes Student A a duty to reasonably ensure her safety, to include properly training the teachers and staff to deal with students that had known concerns that could affect the safety of others, such as the male student.

### *B.C.'s Prior Conduct Created a Risk for Other Students*

37. B.C. was a kindergarten student who, at all relevant times to this lawsuit, attended Hickory Tree Elementary School.

38. B.C. committed a physical and sexual assault against another female classmate on or about September 17, 2024.

39. School Board was aware of the physical and sexual assault that B.C. committed on or about September 17, 2024.

40. Upon information and belief, despite knowing this risk factor, school administration moved B.C. into a classroom that was overseen by a temporary teacher.

41. Upon information and belief, school administration either did not inform the temporary teacher about this heightened risk factor, or the teacher was deliberately indifferent to the risk.

42. Upon information and belief, despite knowing this risk factor, the teacher working with Student A and B.C was not given additional training on how to address these risk factors and concerns.

### *The Physical and Sexual Assault and Battery of J.T.*

43. On or about October 24, 2024, Student A was a five (5) year old female student attending Kindergarten at Hickory Tree Elementary School in Osceola County, Florida.

44. While Student A was in her kindergarten classroom, a male student committed a sexual/physical assault against Student A by groping her buttocks and genital region on four (4) separate occasions.

45. Specifically, B.C. put his hand up Student A's dress and underwear and touched her buttocks, and other times B.C. used his hands to touch Student A's buttocks over her clothes.

46. Student A told B.C. to stop each time he touched her buttocks.

47. Despite knowledge of B.C.'s history of committing sexual/physical assaults against fellow students at school, Hickory Tree Elementary School, and therefore, the School Board, did not take adequate measures to protect Student A from B.C.

48. Despite knowledge of B.C.'s propensity for committing sexual/physical assaults, B.C. was left in a classroom overseen by a temporary teacher who did not adequately supervise the children in the classroom.

### *Police and DCF Involvement*

49. On October 24, 2024, the School Resource Officer, Deputy Y. Medina, was informed about the incident between B.C. and Student A.

50. Deputy Medina interviewed B.C. and Student A, and Assistant Principal Jennifer Wagner was present during the interviews.

51. The Department of Children and Families was contacted and a case initiated.

52. On October 24, 2024, Child Protective Services Investigator Edwin Aime conducted an interview of Student A and her father Jason Thatcher and took photographs of Student A.

### *Title IX*

53. The School Board policies state: that The School Board desires to maintain an academic and work environment in which all employees, volunteers, and students are treated with respect and dignity. A vital element of this atmosphere is the School Board's commitment to equal opportunities and the prohibition of discriminatory practices. The School Board's prohibition against discriminatory practices includes prohibitions against sexual harassment, or any other form of harassment based upon a person's membership in a protected class and specifically prohibited by applicable

9

state or federal law. The School Board forbids sexual harassment, or any other form of illegal harassment, of any employee, student, volunteer, or visitor. The School Board will not tolerate sexual harassment, or any other form of illegal harassment by any of its employees, students, volunteers or agents. [2]

54. The policies go on to outline the procedures for filing a complaint, which state: Any person who believes that he or she has been discriminated against, or placed in a hostile environment based on race, color, religion, gender, age, marital status, disability, political or religious beliefs, national or ethnic origin, genetic information, sexual orientation, gender identity, or pregnancy by an employee, volunteer, agent or student of the School District should within sixty (60) days of an alleged occurrence file a written or oral complaint. The complaint should set forth a description of the alleged discriminatory actions/harassment, the time frame in which the alleged discrimination occurred, the person or persons involved in the alleged discriminatory actions, and any witnesses or other evidence relevant to the allegations in the complaint. The complaint should be filed with the School Principal, Site Administrator, or supervisor. Complaints filed with the Principal, Site Administrator, or supervisor **must** be forwarded to the School District's Equal Employment

---

[2] *Policy Against Sexual Harassment or Othe Forms of Harassment Prohibited by Law* – Osceola County School Board, Chapter 2.00, Section III (B) – School Board Governance and Organization, revised December 15, 2015, available at:
https://go.boarddocs.com/fl/osceola/Board.nsf/files/BNMLJB56C26F/%24file/OCSBR%202.70%20%E2%80%93%20Prohibiting%20Discrimination%2C%20Including%20Sexual%20and%20other%20Forms%20of%20Harassment.pdf

Opportunity (EEO) Officer within five (5) days of the filing of the complaint. If the complaint is against the principal or site administrator, the complaint may be filed directly with the EEO Officer. [3]

55. A report of sexual harassment was made to Assistant Principal Jennifer Wagner who was a supervisor at Hickory Tree Elementary School and a representative of the school's Principal.

56. Ms. Wagner was present during Deputy Medina's interviews of Student A and B.C. and personally called Jason Thatcher to inform him of the incident.

57. Ms. Wagner had actual knowledge of the sexual harassment and the sexual and physical assault and battery against Student A.

58. The School Board failed to conduct a formal Title IX Investigation as required by federal law and their own school board policies.

59. Upon information and belief, no other potential student witnesses were questioned about the incident.

60. Student A's parents were never given the chance to review any of the evidence, statements, or reports, or to provide comments on them.

---

[3] *Procedures for Filing Complaint of Discrimination, Sexual Harassment, or Other Form of Illegal Harassment* – Osceola County School Board, Chapter 2.00, Section VII (A) – School Board Governance and Organization, revised December 15, 2015, available at: https://go.boarddocs.com/fl/osceola/Board.nsf/files/BNMLJB56C26F/%24file/OCSBR%202.70%20%E2%80%93%20Prohibiting%20Discrimination%2C%20Including%20Sexual%20and%20other%20Forms%20of%20Harassment.pdf

61. The School Board never provided a Title IX Investigative Report to Student A's parents.

### *Supportive Measures*

62. When Student A's parents initially discussed the incident with Hickory Tree Elementary School, Student A's parents requested that B.C. and Student A be separated.

63. The School Board claimed that they could not move B.C. to a different classroom, and instructed Student A's parents to apply for the HOPE scholarship to request a school change for Student A if they wanted her to be kept separate from her attacker, B.C.

64. After the prior incident on September 17, 2024, when B.C. committed a physical and sexual assault and battery against another classmate, the School Board removed B.C. from the victim's classroom upon request of the victim's parents.

65. Counseling services were not offered to Student A until her parents complained to their school board representative approximately a week and a half later.

66. The School Board failed to provide any meaningful supportive measures to Student A.

### COUNT I:
### Violation of Title IX, Deliberate Indifference in Response

67. Plaintiffs re-allege and incorporate by reference paragraphs 1 - 66 as if fully incorporated herein.

68. During all relevant times to this complaint, School Board acted under color of state law.

69. At all relevant times, Student A was enrolled at Hickory Tree Elementary School, which is a school under the control and supervision of School Board.

70. Student A, a kindergarten student at Hickory Tree Elementary School, reported to the school administration that she had been physically and sexually assaulted and battered by another student, B.C.

71. The physical and sexual assault and battery were witnessed by an employee of the School Board, teacher Elizabeth Baker.

72. Student A had a right to not be subject to physical and/or sexual harassment or abuse while she participated in the school's education program or activity.

73. Student A had a right to bodily integrity while she participated in the school's education program or activity.

74. Student A had a right to a full and thorough Title IX investigation.

75. Given that Student A suffered both a physical and sexual assault, the School Board had a duty to provide supportive measures after conclusively finding that Student A was victimized by this incident.

76. The School Board was deliberately indifferent when it refused to modify the class schedule to separate Student A from B.C., causing Student A to have no other choice but then to suffer being around the child that caused her harm, or use the HOPE scholarship to enroll in another school.

77. The School Board was deliberately indifferent when it failed to offer alternative supportive measures, such as immediate counseling, a safety plan, or restrictions on contact between B.C. and Student A.

78. The School Board should have reasonably provided Student A with immediate access to counseling to deal with the traumatic situation which she experienced at school.

79. As a direct and proximate cause of School Board's deliberate indifference, Student A was denied equal access to educational programs and activities, she was not offered a safe learning environment and suffered harm and damages because of this deliberate indifference.

## COUNT II
### Negligent Training

80. Plaintiffs re-allege and incorporate by reference paragraphs 1 - 79 as if fully incorporated herein.

81. All conditions precedent to the bringing of this cause of action have been satisfied and waived, including the notice required by Florida Statute §768.28.

82. At all relevant times, Student A was enrolled at Hickory Tree Elementary School, which is a school under the control and supervision of School Board.

83. Student A had a right to not be subject to physical and/or sexual harassment while she participated in the school's education program or activity.

84. Student A had a right to bodily integrity while she participated in the school's education program or activity.

85. At all material times, School Board owed a duty to Student A to use reasonable care to protect the safety, well-being, and health of Student A while she was under its care and custody. These duties encompassed the protection and supervision of Student A and otherwise providing a safe environment for Student A while on school premises.

86. At all material times, School Board had a duty to reasonably supervise the students placed within their care.

87. At all material times, School Board had a duty to reasonably supervise, notify, and train its employees so that if another student posed a risk to students, School Board would not put another student in harm's way.

88. At all material times, School Board had a duty to take steps to ensure the teachers working with students were notified of concerning behavioral

characteristics, and to institute safety measures, as well as training, to deter or prevent a student from being harmed or placed in a dangerous environment.

89.     At all material times, School Board had knowledge that B.C. had behavioral difficulties and was a safety risk to other students.

90.     Despite having this knowledge, School Board's lack of sufficient training on protocols when dealing with a child experiencing challenges or behavioral difficulties, B.C. was allowed to stay in the same classroom as other students, despite School Board's knowledge of the risk B.C. posed to classmates.

91.     School Board breached its duty in failing to notify, train and/or supervise its employees to not place high risk students, such as B.C., with vulnerable students, such as Student A, with a classroom full of students with a temporary teacher.

92.     As a direct and proximate result of Defendant School Board's acts, Plaintiff Student A has suffered physical, emotional, and psychological harm, and continues to suffer ongoing triggers, flashbacks, and inabilities to act in her day-to-day life.  Student A will have to endure ongoing healing and recovery for an extremely long time and has lost a part of her childhood.

## COUNT III
### Negligent Supervision

93.     Plaintiffs re-allege and incorporate by reference paragraphs 1-92 as if fully set forth herein.

94. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

95. At all relevant times, Student A was enrolled at Hickory Tree Elementary School, which is a school under the control and supervision of School Board.

96. At all material times, the teacher supervising Student A's class was an employee of the School Board.

97. At all material times, the teacher had a student-teacher relationship with Student A.

98. At all material times, the School Board owed a duty to Student A to use reasonable care to protect the safety, well-being, and health of Student A while she was under its care and custody. These duties encompassed the protection and supervision of Student A and otherwise providing a safe environment for Student A while on school premises.

99. At all material times, the School Board had a duty to reasonably supervise the students, such as B.C. and Student A, placed within their care.

100. At all material times, School Board had knowledge that B.C. had behavioral difficulties and was a safety risk to other students.

101. Upon information and belief, this information was not communicated to the teacher.

102. Consequently, B.C. was allowed to commit a sexual and physical assault

17

and battery against Student A, despite the School Board's knowledge of B.C.'s behavioral concerns and risk to other students.

103. The School Board breached its duty by exposing Student A to a reasonably foreseeable injury by failing to use ordinary care when they failed to properly supervise B.C. and Student A.

104. The School Board further breached its duty when it did not properly inform the supervising teacher of B.C.'s behavioral concerns and risk to other students.

105. This breach caused Student A to be harmed by B.C.

106. As a direct and proximate result of Defendant School Board's acts and/or omissions, Plaintiff Student A has suffered physical, emotional, and psychological harm, pain and suffering, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgement against the Defendant on each of the above-referenced claims and Counts as follows:

a. That the Court award Plaintiff compensatory, consequential, general, and nominal damages in an amount to be determined at trial;

b. That the Court award to Plaintiff the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses;

c. That the Court award pre- and post-judgment interest at the maximum legal rate; and

d. That the Court grant all such other relief as it deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as a matter of right.

DATED: February 24, 2026

/s/Michael D. Barber
Michael D. Barber, Esq.
Florida Bar Number: 92252
COLLING GILBERT WRIGHT, PLLC
THE FLORIDA FIRM
801 North Orange Avenue, STE 830
Orlando, FL 32801
Telephone: (407) 712-7300
MBarber@TheFloridaFirm.com

/s/Richard B. Parker
Richard B. Parker, Esq.
Florida Bar Number: 99933
PRKR LAW, P.A.
1220 Commerce Park Dr.
Wekiva Springs, FL 32779
Telephone: (407) 995-6000
Richard@prkrlaw.com

*Attorneys for Plaintiff*